[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13554
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-14083-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE LEE SWANSON,
a.k.a. Jesse Lee Harvey, a.k.a. Fred P. McKinnon,
a.k.a. Kevirent Brundage, a.k.a. Jonathan Small,
a.k.a. Jesse Harvey, a.k.a. Travis Cole,
a.k.a. Fred Lee McKinnon, a.k.a. Jayfon Lee Mackey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 24, 2009)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Jessie Lee Swanson appeals his 327-month sentence for conspiracy to possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Swanson argues that his sentence was substantively unreasonable.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1189-90 (11th Cir. 2008) (relying upon Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 597 (2007)). First, we look at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory or failing to consider the 18 U.S.C. § 3553(a) factors. Id. at 1190. Then, we look at whether the sentence is substantively reasonable under the totality of the circumstances. Id.

The party who challenges the sentence bears the burden to show that it is unreasonable in light of the record and the § 3553(a) factors. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).[1] Although we do not apply a

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

presumption of reasonableness to a sentence imposed within the correctly calculated advisory guidelines range, we ordinarily expect that such a sentence will be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

On appeal, Swanson does not challenge the district court's guidelines calculations or point to any procedural error.[2] Instead, Swanson argues only that his sentence is substantively unreasonable. After review, we conclude that Swanson has not met his burden to show his 327-month sentence, at the high end of the advisory guidelines range of 262 to 327 months' imprisonment, is unreasonable.

The record indicates that Swanson had an extensive criminal history, including prior felony convictions for cocaine possession, robbery with a weapon, aggravated battery, carrying a concealed weapon, attempted second degree murder, possession of a firearm by a convicted felon and burglary of an unoccupied

---

[2]At sentencing, the district court calculated an offense level of 32, pursuant to U.S.S.G. § 2D1.1(c)(4), based on drug quantity (51.7 grams of cocaine base and 33.8 grams of cocaine powder converted to a marijuana equivalency of 1,040.76 kilograms) and then, pursuant to the commentary to § 2D1.1, reduced it by two levels because the offense involved cocaine base. See U.S.S.G. § 2D1.1 cmt. n.10(D) (2007 & Supp. May 2008). The district court added four levels, pursuant to U.S.S.G. § 3B1.1(a), for Swanson's leadership role, for an adjusted offense level of 34. However, because Swanson qualified as a career offender under U.S.S.G. § 4B1.1(a), Swanson's offense level became 37 and his criminal history was VI. See U.S.S.G. § 4B1.1(b). After a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), Swanson's total offense level was 34 and his resulting advisory guidelines range was 262 to 327 months. Because Swanson already had been convicted of a felony drug offense, his mandatory minimum sentence was ten years and his statutory maximum was life imprisonment. See 21 U.S.C. § 841(b)(1)(B).

dwelling. Swanson's criminal history (as an adult) goes back as far as 1986 and involves serious, and sometimes violent, offenses. Accordingly, we reject Swanson's claim that his criminal history was "disproportionately overvalued." Furthermore, although Swanson was held accountable for the drugs obtained during the eight controlled buys, the undisputed facts in the Presentence Investigation Report indicate that Swanson had been dealing cocaine and crack cocaine since at least 2002, five years before his arrest in the fall of 2007.

In addition, as the leader of the charged drug conspiracy, Swanson purchased powder cocaine, converted it to crack cocaine and often used street level dealers to distribute it for him. During a one-month period, an undercover law enforcement officer and a confidential source conducted eight controlled buys with Swanson. Over the course of these controlled buys, Swanson directed the activities of at least four other individuals who acted as escorts, collected money and delivered drugs from the kitchen where Swanson converted the cocaine to crack. Furthermore, when law enforcement attempted to arrest Swanson, Swanson fled, prompting an officer to fire a warning shot. Swanson also tried to discard 31.1 grams of cocaine powder and, in a post-arrest statement, denied selling drugs to the undercover officer and confidential source.

Swanson's argument that there was an unwarranted disparity between his

4

327-month sentence and those of his co-defendants is without merit. As the leader of the drug enterprise, Swanson was significantly more culpable than his co-defendants.

As for Swanson's mitigation arguments that he was rehabilitating himself by attending classes and only sold drugs to support his large family, neither of these arguments finds much support in the record. While Swanson was attending classes, he was also dealing drugs, which is not indicative of rehabilitation. Furthermore, while the record shows that Swanson has fathered at least ten children by four women, there is little evidence that he supported the children financially. Indeed, Swanson admitted that he had court orders to pay child support for many of the children and that he is delinquent. Furthermore, Swanson was unable to provide contact information for the children's mothers and admitted that he was unsure of their personal circumstances. As a result, the probation officer was able to confirm that Swanson had provided some support to only two of the ten children.

Given Swanson's extensive criminal history and the seriousness of the instant offense, including the length of time Swanson had been engaged in drug dealing, his leadership role and his initial flight from authorities, the district court did not abuse its discretion in imposing a 327-month sentence, at the high end of

the advisory guidelines range.

**AFFIRMED**.